**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4693**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

DUANE PHILIP MCATEE,

            Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:13-cr-00102-IMK-JSK-1)

Submitted:  March 12, 2015            Decided:  March 19, 2015

Before KING, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Clarksburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Paul T. Camilletti, Anna Z. Krasinski, Assistant United States Attorneys, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duane McAtee appeals from his convictions for obstructing the administration of federal tax laws and two counts of failure to file a tax return. On appeal, McAtee argues that the district court erred in allowing him to represent himself at trial because the magistrate judge did not appropriately advise and warn McAtee on the record. Moreover, McAtee claims that his continued reliance on discredited legal theories demonstrated his lack of sophistication. We affirm.

The Sixth Amendment guarantees not only the right to be represented by counsel but also the right to self-representation. Faretta v. California, 422 U.S. 806, 819 (1975). The decision to represent oneself must be knowing and intelligent, id. at 835, and courts must entertain every reasonable presumption against waiver of counsel. Brewer v. Williams, 430 U.S. 387, 404 (1977). The record must show that the waiver was clear, voluntary, knowing, and intelligent. United States v. Bernard, 708 F.3d 583, 588 (4th Cir.), cert. denied, 134 S. Ct. 617 (2013).

While a district court must determine whether a waiver of counsel is knowing and intelligent, no particular interrogation of the defendant is required, as long as the court warns the defendant of the dangers of self-representation so that "'his choice is made with his eyes open.'" United States v. King,

2

582 F.2d 888, 890 (4th Cir. 1978) (quoting Faretta, 422 U.S. at 835). "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464 (1938); see United States v. Singleton, 107 F.3d 1091, 1097-98 (4th Cir. 1997) (court must consider record as a whole, including the defendant's background, capabilities, and understanding of the dangers and disadvantages of self-representation).[*]

Here, we find that the district court did not err in granting McAtee's request to waive counsel and to represent himself. An examination of the record demonstrates that McAtee's election to proceed pro se was clear, knowing, intelligent, and voluntary. While the district court's colloquy was brief, the truncated nature of the discussion was due to

---

[*] The parties disagree about the applicable standard of review. Compare Singleton, 107 F.3d at 1097 n.3 ("Determination of a waiver of the right to counsel is a question of law, and thus we review it de novo." (internal citations omitted)), with Bernard, 708 F.3d at 588 & n.7 (applying plain error review because Appellant raised the issue of competency to waive the right to counsel for the first time on appeal). However, because McAtee's argument fails under either standard, we decline to reach the issue here. See, e.g., United States v. Stanley, 739 F.3d 633, 645 (11th Cir.) (declining to select a standard of review when a defendant's challenge to the validity of his waiver of right to counsel failed under both plain error and de novo review), cert. denied, 134 S. Ct. 2317 (2014).

McAtee's refusal to answer questions or confirm certain facts of record. Moreover, it is undisputed that McAtee, who possessed a graduate degree, had recently represented himself at a related proceeding, which ended in a conviction and period of incarceration. This previous waiver of counsel also followed a colloquy, thus further ensuring that McAtee was aware of the risks and difficulties involved in representing himself. In addition, the trial court repeatedly suggested that McAtee consult with stand-by counsel, reminding McAtee throughout the proceedings of the technicalities involved and the expertise of counsel, and stand-by counsel took an active role in the proceedings.

McAtee's argument that his meritless defense was evidence of the fact that he was not qualified to represent himself is unavailing. "[T]he competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself." Godinez v. Moran, 509 U.S. 389, 399 (1993) (internal emphasis omitted). Furthermore, "the defendant's technical legal knowledge is not relevant to the determination whether he is competent to waive his right to counsel." Id. at 400 (internal quotation marks omitted). Finally, the Supreme Court has noted that "while it is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own

4

unskilled efforts, a criminal defendant's ability to represent himself has no bearing upon his competence to choose self-representation." Id. (internal quotation marks, alteration, citation, and emphasis omitted). As McAtee does not challenge his competence to stand trial and waive his constitutional rights, his claim is without merit, and the record reflects no error.

Accordingly, we affirm McAtee's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED